UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TAMMY RANDALL and )
JERRY RANDALL, )
 )
    Plaintiffs, )
 )
  vs. ) Case No. 4:09CV243SNLJ
 )
DIRECT BUY, INC., ET. AL., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Evamor's motion for relief from judgment, order, or proceeding [35], filed October 29, 2009. Responsive pleadings have been filed.

The instant matter arises from the Notice of Dismissal pursuant to Rule 41(a)(a) Federal Rules of Civil Procedure filed by the plaintiffs on August 31, 2009. *See*, Document #34. On or about September 1, 2009 this Court entered a Docket Text Order (DTO) acknowledging the Notice of Dismissal and closing this case. Defendant Evamor now takes issue with the dismissal of this case "without prejudice" and argues, for a variety of reasons, that the Court should revise the dismissal to read "with prejudice".

Before addressing the merits of the instant motion, the Court needs to set out the chronology of this litigation giving rise to the Notice of Dismissal. This cause of action was originally filed in the Circuit Court of St. Louis County and removed to federal court on February 12, 2009. The primary ground for removal was subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) *et. seq.* Throughout March and April, 2009 various motions to dismiss were filed (including by defendant Evamor) and were the subject of numerous and lengthy

responsive pleadings. In July 2009, defendant Evamor sought a referral of this case to ADR, which was granted by this Court. *See*, Document #29, filed July 17, 2009; and Court Docket Text Order, filed July 20, 2009. The parties did not designate a "Neutral" until August 17, 2009; and an ADR proceeding did not take place until August 26, 2009. The Neutral filed his Report indicating that no settlement had been reached. *See*, Document #33, filed August 28, 2009. On August 31, 2009 the plaintiffs filed their Notice of Dismissal pursuant to Rule 41(a) Fed.R.Civ.P. which was accepted by the Court on September 1, 2009; thereby closing this case.[1]

As of the date of the filing of the Notice of Dismissal, no defendant (including defendant Evamor) had filed an answer to the plaintiffs' complaint. No Rule 16 conference had taken place, and no Case Management Order had been entered by this Court. No defendant (including defendant Evamor) had filed a summary judgment motion. Finally, there is nothing before this Court to indicate that any significant discovery had taken place.

Defendant Evamor contends that this Court should use its discretionary powers under Rule 60(b)(3), (5), and/or (6) Fed.R.Civ.P. to vacate the Notice of Dismissal and the Court's DTO of September 1, 2009 and enter an order dismissing this cause of action with prejudice. Evamor contends that the plaintiffs have "misrepresented" the status of this case by not informing the Court of a prior complaint that plaintiffs filed with the Missouri Attorney General's Office against Evamor in 2007. Evamor contends that the "closing of the case" by the Missouri Attorney General's Office invokes the "two-dismissal rule" under Rule 41(a) whereby

---

[1]Evidently, following the dismissal of this cause of action, the plaintffs filed a new case in the Circuit Court of St. Louis County, again setting forth various violations of the Missouri Merchandising Practices Act, §407.020 *et. seq.* On or about October 22, 2009 defendant Evamor (again) removed the case to federal court pursuant to the Class Action Fairness Act (CAFA). *See*, Tammy Randall and Jerry Randall, et. al. v. Evamor, et. al., Case No. 4:09CV1756ERW.

" . . . a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." Defendant Evamor contends that this Court should vacate the prior dismissal without prejudice and enter a new order of dismissal with prejudice under Rule 60(b) due to the plaintiffs' "misrepresentations", the unfairness of the dismissal without prejudice, and the "repeated pattern of harassment and abusive litigation practices" by the plaintiffs.

After careful consideration of the matter, review of the litigation history of this cause of action, the parties' pleadings, and the relevant caselaw, the Court determines the plaintiffs' Rule 41(a) Notice of Dismissal will stand and deny defendant Evamor's Rule 60(b) motion.

Rule 41(a) Fed.R.Civ.P. provides the procedure by which a plaintiff may effect a voluntary dismissal. It provides in pertinent part:

> " . . . the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or-state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

Thus, any time before an adverse party serves an answer or a summary judgment motion, a plaintiff may voluntarily dismiss an action without order of the court by filing a notice of dismissal. "In ordinary civil cases, a notice of dismissal that complies with the rule operates as a matter of right upon notice to the court, and permission of the court is not required." Vanover v. Bohnert, 11 Fed.Appx. 679, 681 (8th Cir. 2001) *quoting* Williams v. Clarke, 82 F.3d. 270, 272

3

(8th Cir. 1996); Safeguard Business Systems, Inc. v. Hoeffel, 907 F.2d. 861, 863 (8th Cir. 1990). A plaintiff is entitled as of right to an unconditional dismissal without prejudice only if a defendant has not filed an answer or a motion for summary judgment, and these two (2) instances are construed strictly and exclusively. Safeguard, at 863; Brackett v. State Highways and Transportation Commission of Missouri, et. al., 163 F.R.D. 305, 308 (W.D.Mo. 1995) *citing* Safeguard, *supra.*; *see also*, Foss v. Federal Intermediate Credit Bank of Saint Paul, 808 F.2d. 657, 660 (8th Cir. 1986)("[T]his Court and other courts have recognized that Rule 41(a)(1)(i) must not be stretched beyond its literal terms if it is to serve its intended purpose."). Motions to dismiss are not considered to be the equivalent of either an answer or a motion for summary judgment. Brackett, at 307 (internal citations omitted); *see also*, Anderson v. Schwing America, Inc., et. al., 2003 WL 21360127, *2 (D.Minn. 2003). The right of a plaintiff to file a Rule 41(a)(1)(A)(i) notice applies to removed actions. Monroe, et. al. v. Roedder, et. al., 253 F.R.D. 466 (E.D.Mo. 2008) (internal citations omitted). The effect of a Rule 41(a)(1) dismissal without prejudice is "to render the proceedings a nullity and leave the parties as if the action had never been brought." Williams v. Clarke, at 273; *see*, Vanover, at 681 *citing* Williams, *supra.*; Anderson v. Schwing America, at *2. "The jurisdictional effect of such a voluntary dismissal deprives the court of any power to adjudicate the withdrawn claim." Smith v. Dowden, 47 F.3d. 940, 943 (8th Cir. 1995).

Even if an answer or summary judgment motion has not been filed prior to the notice of dismissal being filed, such a dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. Rule 41(a)(1)(A)(i) Fed.R.Civ.P. Thus, where a plaintiff has once dismissed a suit on the same claim in a state court, a second voluntary dismissal upon

4

"notice" and not upon a motion for court order will operate as a conclusive adjudication of the plaintiff's claim and a bar to future suits upon those claims. *See*, Crowe v. Blue Cross Hospital Service, Inc. of Missouri, et. al., 84 F.R.D. 623, 625 (E.D.Mo. 1979), *aff'd* 641 F.2d. 540 (8th Cir. 1981); *see also*, Cooter & Gell v. Hartmarx Corp., et. al., 496 U.S. 384, 394 (1990). "If the plaintiff invokes Rule 41(a)(1) a second time for an `action based on or including the same claim', the action must be dismissed with prejudice." Cooter & Gell, 496 U.S. at 394. This "two-dismissal" rule was intended to prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice. *See*, Crowe v. Blue Cross Hospital Service, 84 F.R.D. at 626. The party seeking to invoke the "two-dismissal" rule bears the burden of proving applicability of the rule by a preponderance of the evidence. *See*, Marquis v. Federal Reserve Bank of Chicago, 286 F.3d. 1014, 1017 (7th Cir. 2002); In re Chi-Chi's, Inc., 338 B.R. 618, 622 (D.Del.Bankr.Ct. 2006) *citing* Marquis, *supra.*

Defendant Evamor attempts to invoke the "two-dismissal" rule based upon the resolution of a related matter filed with the Missouri Attorney General's Office, Consumer Protection Division. It contends that the process initiated and concluded within the Missouri Attorney General's Office is akin to a "previously dismissed . . . federal-or-state-court action" under Rule 41. The Court disagrees.

It is clear from Evamor's own exhibits that plaintiffs filed an **administrative** complaint with the Consumer Protection Division of the Missouri Attorney General's Office complaining about damaged furniture.[2] Defendant's Exhibit B. This complaint was being handled within the Missouri Attorney General's Office. Defendant's Exhibit B - copy of letter from Karen Wilson

---

[2]It is unclear from the submitted exhibits but it appears to be undisputed that this complaint was filed sometime in 2007.

regarding the plaintiffs' complaint and requesting that defendant "review the complaint and send a written response to this office within 14 days." Thereafter, defendant responded to Ms. Wilson at the Missouri Attorney General's Office. Defendant's Exhibit C. The matter remained within the purview of the Missouri Attorney General's Office, and on February 5, 2009 Ms. Wilson forwarded to defendant additional materials received from the plaintiffs. Defendant's Exhibit D. Ms. Wilson continued to work with the parties to resolve the matter; however, on August 19, 2009 she informed defendant, that without any resolution to the matter, "I am closing this file in our office." Defendant's Exhibit F.

The Court is not going to speculate as to why the plaintiffs chose not to resolve this matter administratively, and instead, elected to file a lawsuit in state court. The point is that no claim was ever filed in a **federal court or a state court** prior to the filing of the lawsuit removed to this Court. Furthermore, no **federal court or state court** has entered an order of dismissal in any related action prior to the instant notice of dismissal being filed. Defendant Evamor has not provided this Court with any caselaw which states that a prior administrative consumer complaint with a state agency which is ultimately closed out by said state agency acts as a prior court order of dismissal. Furthermore, defendant Evamor has failed to provide any caselaw which states that a state agency "closing its file" on a consumer complaint acts as a "dismissal by plaintiff" for purposes of Rule 41(a)(1). Rule 41 is to be construed narrowly so as to not limit a plaintiff's right to a dismissal without prejudice; and, defendant Evamor has failed to carry its burden of establishing the applicability of the "two-dismissal" rule by a preponderance of the evidence.

Finally, the Court finds no justification to vacate the prior dismissal without prejudice pursuant to any provisions of Rule 60(b) Fed.R.Civ.P. The plaintiffs did not "misrepresent" any material fact regarding a prior dismissal since it was a state agency that "closed its file" on an

administrative complaint which does not constitute the plaintiffs "dismissing" their administrative complaint or a court order of dismissal.  As to a pattern of harassment, it appears to this Court that the plaintiffs have simply been attempting to litigate a state-law claim under a Missouri statute in a Missouri state court, and it is defendant which continues to deprive them of their choice of forum by removing their lawsuit(s) to federal court.  Contrary to the defendant's contention, little adjudication of the plaintiffs' claims has taken place, either in state court or federal court.  For whatever reason, the plaintiffs have not been amenable to settling this matter and want their day in court.  The Court is not going to penalize them for this choice.

Plaintiffs filed their Notice of Dismissal properly under Rule 41.  At the time of the filing, no defendant had filed an answer or a motion for summary judgment.  At the time of the filing, no prior related claim had been filed in a federal court or a state court, nor had any judicial claim been dismissed by the plaintiffs.  The plaintiffs' Notice of Dismissal without prejudice will stand.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Evamor's motion for relief [35], filed October 29, 2009 be and is **DENIED.**

Dated this   19th   day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE